BILDERBACK and ELWELL v. EXECUTORS OF LOT HINCHMAN.

The statute, *Rev. Laws,* 635, *sec.* 24, requires, that the defendant and his security should join in a confession of judgment to the adverse party; and this can only be done by the parties appearing personally before the justice, and there *jointly* confessing such judgment.

This was a certiorari directed to a justice of the peace of the county of Salem, removing a judgment rendered in the court for the trial of small causes. The transcript of the justice, is as follows:

" October 19th, the plaintiff appeared and produced a note of hand given by the defendant, whereon the defendant confessed judgment. I gave judgment for the plaintiff for sixty-two dollars and fifty cents debt, and seventy-seven cents cost; and Peter Bilderback, esq. *agreed* that judgment be entered against him with Elwell, for the amount of the above judgment, and that execution issue against them in six months ; whereon I give judgment for the plaintiff against Elwell and Peter Bilderback, for sixty two-dollars and fifty cents debt, and seventy-seven cents costs." Upon the return of the writ of certiorari, *Jeffers* in behalf of the plaintiffs, obtained a rule upon the justice to certify " whether the said Peter Bilderback appeared before him on the 19th of October, or at any other time, and confessed

judgment with the said William Elwell, and how or in what manner the said Peter Bilderback *agreed* to be security." In answer to this rule, the justice returned, " that the defendant appeared on the 19th October, and confessed judgment, and that he advised Elwell, if he wanted time, he had better get some friend to be security ; he went away and returned with a few lines from Peter Bilderback, esq. ; the justice told him it was all right, and he saw Mr. Bilderback the same, or the next day, and he agreed to it ; whereupon he took up his docket and entered the judgment."

*W. N. Jeffers* moved to reverse the joint judgment rendered against Bilderback and Elwell, upon the ground, that the statute requires the personal attendance of the *security*, and a joint confession in open court. Sending a written engagement to be security, does not answer the requirements of the statute : he must appear *with the defendant*, on the return of the summons or warrant.

*F. L. Macculloch*, for the defendants in certiorari, contended,

First, that under the twenty-fourth section of the act constituting courts for the trial of small causes, there is no particular form in which the joint judgment should be either confessed or entered, and that the return of the justice shows a substantial compliance with the statute.

Second, that the statute does not require that the confession of judgment by the original defendant and the security, should be simultaneous ; but the fair inference to be deduced is, that if after the entry of the original judgment, a freeholder afterwards confesses a judgment to the plaintiff, this shall operate as a joint judgment against both defendants.

*Jeffers* in reply.

The confession and rendition of judgment, is one act. There is no rule of law which authorizes the appearance of one defendant on one day, and another defendant at another time, and when all the defendants have severally confessed, to make up a joint judgment against all. Such a construction of the statute, would lead to great abuses, and be attended with great mischiefs. Although no particular form is given, the requirements of the statute are plain ; the defendant must " procure a good

Gulick *v.* Loder.

and sufficient freeholder, resident in the county to *join with such defendant in a confession of judgment* to the adverse party.

*Per Curiam.* The statute requires that the defendant and his security should *join* in a confession of judgment to the adverse party. This can only be done by the parties appearing *personally* before the justice and there *jointly* confessing such judgment. The judgment therefore in this case against *Elwell* v. *Bilderback,* must be set aside and reversed.